## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH CONLON,<br><br>    Plaintiff,<br><br>v.<br><br>BP LUBRICANTS USA, INC.,<br><br>    Defendant. | Civil Action No.<br><br>22-6755 (JXN) (LDW)<br><br>**ORDER** |

  **THIS MATTER** having come before the Court by way of plaintiff Keith Conlon's request for the Court to conduct an *in camera* review of certain documents or portions of documents responsive to plaintiff's discovery demands which defendant BP Lubricants USA, Inc. ("BP") withheld from production on the basis of attorney-client privilege and attorney work product protection (ECF 47); and the Court initially having ordered defendant to supplement the description of the documents at issue in its privilege log in an effort to allay plaintiff's concerns regarding the invocation of privilege (ECF 51); and plaintiff's challenge to the privilege invocation not having been resolved by the supplemental privilege log (ECF 52); and the Court having ordered plaintiff to select 5 of the 14 documents at issue for *in camera* review (ECF 56); and defendant having submitted those documents as ordered (ECF 57); and the Court now having conducted its *in camera* review in light of the caselaw and arguments of counsel set forth in the parties' letters (ECF 47, 48, 52, 53);

  **IT IS** on this day, November 13, 2024, **ORDERED** that plaintiff's objections to the privilege designation of the selected documents are OVERRULED as follows:

1. Exhibit A (BP_PRIV000747-758) is a draft investigation report concerning the plaintiff that reflects redlined revisions by BP's in-house counsel, Leila Clewis, Esq. The document

is subject to the attorney-client privilege because those revisions constitute advice from counsel acting in a legal capacity to a BP representative responsible for conducting and documenting the results of an internal investigation. *See Se. Pa. Transp. Auth. v. CaremarkPCS Health, L.P.*, 254 F.R.D. 253, 258 (E.D. Pa. 2008) (because "in-house counsel may play a dual role of legal advisor and business advisor," communications with in-house counsel are privileged where the "primary purpose" of the communication is "to gain or provide legal assistance" (quotation omitted)). *See also Smith v. Unilife Corp.*, 13-cv-5101 (MMB), 2015 WL 667432, at *2 (E.D. Pa. Feb. 13, 2015) (finding communications between consultant and in-house counsel "generally concerning the contents, style, and 'wordsmithing' of drafts of the 2011 SEC Form 10-K report" to be protected by attorney-client privilege); *CaremarkPCS*, 254 F.R.D. at 266 (finding draft contract red-lined by in-house counsel to be protected by attorney-client privilege). The revisions also reflect Ms. Clewis' mental impressions as to a matter in litigation, thus meriting protection under the work product doctrine. *See Burlington v. News Corp.*, 09-cv-1908 (RBS), 2010 WL 11474545, at *1 n.1 (E.D. Pa. June 7, 2010) (finding unexecuted draft affidavit to be attorney work product because "the changes such drafts undergo before being signed by the witness may well reveal the drafting lawyer's mental impressions and strategy"); *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 381 (E.D. Pa. 2006) ("Generally, documents created as part of an internal investigation . . . are considered to be made in anticipation of litigation for the purposes of the work product doctrine.").

2. Exhibit B (BP 000610) reflects legal advice from Ms. Clewis to BP employees concerning the proper manner to conduct plaintiff's termination meeting, and as such is protected by attorney-client privilege, as well as the work product doctrine.

2

3. Exhibit C (BP 004303) reflects a BP employee's correspondence to Ms. Clewis both seeking and relaying her advice, and as such is protected by attorney-client privilege.

4. Exhibit D (BP 005651) reflects a BP employee's transmission to another BP employee of legal instructions from in-house legal counsel, and as such is protected by attorney-client privilege.

5. Exhibit E (BP 006010) is an email from a BP employee to Ms. Clewis conveying information concerning a matter as to which her involvement was solely to provide legal advice, and as such it is protected by attorney-client privilege.

6. Given that defendant's privilege log descriptions of these documents and its legal grounds for invoking privilege are accurate and proper, (*see* ECF 52-1), and given that the remainder of the privilege log contains sufficient detail and justification for the assertion of privilege such that no further *in camera* review is necessary or appropriate, the Court deems this dispute fully resolved.

                                                                         *s/ Leda Dunn Wettre*
                                                                         Hon. Leda Dunn Wettre
                                                                         United States Magistrate Judge